IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN B. ANDERSEN, an individual,

        Plaintiff,

    v.

PORTLAND SATURDAY MARKET,
a nonprofit corporation, &
LISA GUGINO, an individual,

        Defendants.

No. 3:17-cv-01500-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Steven B. Andersen brings this action against Portland Saturday Market and Lisa Gugino. Plaintiff moves to proceed *in forma pauperis* [10]. Because Plaintiff has minimal income and significant debt, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [1] without prejudice.

///

///

## BACKGROUND

Plaintiff brings this case against Defendants Portland Saturday Market and Lisa Gugino, executive director of Portland Saturday Market. Compl. 2, ECF 1. Plaintiff alleges that Defendants breached their contract with Plaintiff and violated his rights under the Due Process Clause and the Civil Rights Act of 1964. *Id.* at 2. These claims all stem from his dismissal as a member of Portland Saturday Market in October of 2015.

Plaintiff asserts he was a member of Portland Saturday Market between April 8, 2012, and October 13, 2015. *Id.* Though the details surrounding his dismissal are hazy, Plaintiff's membership was allegedly terminated because of his conduct towards other members and employees of the market, including the alleged harassment of "[a] former friend and fellow vendor." *Id.* at 2, 4. During this process, Plaintiff alleges he was not given any "opportunity to learn what conduct was considered by the board as being so inappropriate as to warrant a dismissal". *Id.* at 3.

Prior to his termination, Plaintiff alleges that he requested a meeting with the Board to address the "unfair treatment" he received from Defendant Gugino. *Id.* at 3. A hearing was scheduled and allegedly cancelled when the vendor withdrew her harassment complaint. *Id.* at 4. Plaintiff then filed a defamation lawsuit against the complaining vendor. *Id.* at 5. He alleges that this case was settled and the vendor "provided an affidavit that fully exonerated Plaintiff of the charge." *Id.* During the course of the defamation case, Plaintiff allegedly learned from opposing council that there had been an additional complaint filed against Plaintiff with Portland Saturday Market. *Id.* The identity of this person was never disclosed to Plaintiff. *Id.* Plaintiff also alleges he was blackmailed by another member and the executive director. *Id.* at 6.

Plaintiff claims that, as a result of his dismissal, he lost ten years of income amounting to actual damages of $323,318. *Id.* at 7. He also seeks punitive damages in the amount of $2,176,682 because of the "unfair, discriminatory, and unlawful treatment he alleges he received from PSM staff and the Chair of the Board of Directors." *Id.*

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

///

**DISCUSSION**

The Federal Rules of Civil Procedure describe "a liberal system of 'notice pleading.'" *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, (1993). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.*

Here, Plaintiff provides an extensive discussion of the events surrounding this lawsuit, but he fails to assert "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. First, Plaintiff alleges that Defendants breached their contract with Plaintiff in the process of dismissing him. The alleged contract appears to be his 2015 Space Permit Card "wherein [Plaintiff] agreed that '[he] has received and read a copy of the current Portland

Saturday Market Space Permit Contract, the PSM Membership Handbook and/or the policy changes and supporting documentation'" and "'agree[d] to comply with the terms and conditions contained therein.'" Compl. 3. He provides no additional detail as to the terms of this contract that could be construed, in light of the other facts alleged, to suggest a breach of this contract. And the mere existence of a contract, without more, is insufficient to state a plausible claim for relief.

Second, Plaintiff asserts Defendants discriminated against him in violation of the Civil Rights Act of 1964. He generally alleges that he was subject to "a very unfair and discriminatory disciplinary process conducted by the PSM executive director following a *harassment complaint*…." Compl. 4 (emphasis in original). However, Plaintiff provides no additional details. He does not indicate whether these allegations arise under Title VII (prohibiting discrimination in employment) or Title II (prohibiting discrimination in places of public accommodation), or whether Plaintiff's relationship with Defendant is covered by the applicable section of the Civil Rights Act. *See* 42 USC §§ 2000a, 2000e. Nor does he provide any facts to suggest he is part of a class of persons protected by the Act. His bare allegation of discrimination does not allow the Court "to infer more than a mere possibility of misconduct." *Iqbal*, 556 US at 679.

Finally, Plaintiff appears to bring a procedural due process claim against Defendants. The Fourteenth Amendment's procedural due process protection "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause." *Matthews v. Eldridge,* 424 US 319, 332 (1976). Whether process is constitutionally sufficient depends on three factors:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the

> fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.* at 335. The Supreme Court has recognized there is a "private interest in retaining employment." *Cleveland Bd. Of Educ. v. Loudermill*, 470 US 532, 542–43 (1985); *see also FDIC v. Mallen*, 486 US 230, 240 (1988) ("It is undisputed that the appellee's interest in the right to continue to serve as president of the bank and to participate in the conduct of its affairs is a property right protected by the Fifth Amendment Due Process clause.").

The Fourteenth Amendment's due process protections, however, only apply to state actors. *Jackson v. Metropolitan Edison Co.*, 419 US 345, 349 (1974) ("[P]rivate action is immune from the restrictions of the Fourteenth Amendment."); *Lugar v. Edmonson Oil Co., Inc.*, 457 US 922, 936 (1982) ("[M]ost rights secured by the Constitution are protected only against infringement by governments.") (internal citations omitted). The Supreme Court has held that "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, (2001) (citing *Jackson*, 419 US at 351).

Determining whether a private entity is a state actor is a fact-intensive inquiry. For example, courts may ask whether: (1) the "challenged activity…results from the State's exercise of coercive power," (2) "a private actor operates as a willful participant in joint activity with the State or its agents," (3) a private actor "has been delegated a public function by the State;" (4) a private actor is "entwined with governmental policies," or (5) the "government is entwined in its management or control." *Id.* at 296 (internal citations omitted). Regulation on its own is insufficient to convert private action into state action. *Jackson*, 419 US at 350. And "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even

total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

Here, even assuming that Plaintiff could show that his dismissal as a member constituted a deprivation of a liberty or property interest within the meaning of the Due Process Clause, his claim fails because it lacks any allegation that Defendants were state actors under the Fourteenth Amendment. Portland Saturday Market is a nonprofit corporation, and Lisa Gugino is an individual who works for that corporation. Compl. 1. In his complaint, Plaintiff asserts that Defendant Portland Saturday Market has a license with the city of Portland that provides it shall "comply at all times with all applicable federal, state and local laws, rules, regulations, ordinances, policies, statutes and decisions, as said provisions of law may change over time, unless specifically excepted therein." Compl. 2. This license, on its own, is insufficient to convert Portland Saturday Market's decision to dismiss Plaintiff into state action under the Fourteenth Amendment.

Plaintiff's statements of his claims are, therefore, so lacking in specific factual content that the Court cannot draw a reasonable inference that Defendant is liable for misconduct. Thus, the Complaint fails to state plausible claims for relief under *Iqbal*.

///
///
///
///
///
///
///

## CONCLUSION

Plaintiff's application for leave to proceed IFP [10] is granted. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this order.

IT IS SO ORDERED.

Dated this \_\_\_\_20\_\_\_\_ day of \_\_\_November\_\_\_, 2017

_____
MARCO A. HERNÁNDEZ
United States District Judge