IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN B. ANDERSEN, an individual,

        Plaintiff,

    v.

PORTLAND SATURDAY MARKET,
a nonprofit corporation, &
LISA GUGINO, an individual,

        Defendants.

No. 3:17-cv-01500-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Steven B. Andersen brings this breach of contract and civil rights action against Defendants Portland Saturday Market and Lisa Gugino, executive director of Portland Saturday Market. Defendants now move to dismiss this action. For the reasons explained below, the Court grants Defendants' Motion to Dismiss and dismisses the Amended Complaint.

///

///

1 – OPINION & ORDER

## BACKGROUND

Defendant Portland Saturday Market is a "non-profit 'mutual benefit with members organization' incorporated in 1974 pursuant to ORS Chapter 65." Defs. Mot. Dismiss 2, ECF 26; *see* Anderson Decl. ¶ 5, Ex. 2 (Oregon Secretary of State Business Entity Data),[1] ECF 27. Plaintiff was a member of Defendant Portland Saturday Market between April 8, 2012, and October 13, 2015, when his membership was terminated. Am. Compl. 3, ECF 12. Plaintiff's membership was allegedly terminated because of his conduct towards other members and employees of the market, including the alleged harassment of "[a] former friend and fellow vendor." *Id.* at 3, 5. During this process, Plaintiff alleges he was not given any "opportunity to learn what conduct was considered by the board as being so inappropriate as to warrant a dismissal." *Id.* at 3. As a result, Plaintiff alleges that Defendants breached their membership agreement with Plaintiff and violated his civil rights—including "due process, discrimination and the right to confront and cross examine accusers"—when they dismissed Plaintiff. *Id.* at 2. He "seeks damages resulting from loss of income associated with his dismissal from PSM." *Id.* at 9.

On November 20, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. Opinion & Order, ECF 11. Plaintiff filed his Amended Complaint on December 12, 2017. On March 26, 2018, Defendants moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are barred by the applicable statute of limitations. Defs. Mot. 4–6.[2]

---

[1] The court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) (the court may consider judicially noticed documents on Rule 12(b)(6) motion).

[2] In their original motion, Defendant Lisa Gugino also moved to dismiss this case under Rule 12(b)(5) for insufficient service. Defs. Mot. Dismiss 6–8. However, between the time of filing

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the

---

and the issuance of this Opinion and Order, the U.S. Marshals Service filed a return of service indicating that Defendant Gugino had been personally served. Ret. Serv., ECF 32. As a result, Defendant Gugino withdrew her motion to dismiss for improper service. Def. Gugino Suppl. Withdrawing Mot. Dismiss No. 2, ECF 34.

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim …." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." (internal quotations and citations omitted)). However, "a complaint cannot be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint where the equitable tolling doctrine was applicable). Where claims are barred by the statute of limitations, the trial court may dismiss the plaintiff's claims without leave to amend because the amendment would be futile. *Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Because the crux of Plaintiff's claims is that he was wrongfully terminated from Portland Saturday Market, Defendants argue that Plaintiff's complaint—filed September 25, 2017—is barred by the one-year statute of limitations set forth in Oregon Revised Statute ("ORS") 65.1679(4). Defs. Mot. 4. Plaintiff responds that the longer statute of limitations for breach of contract claims applies in this action. Pl. Mem. Opp'n. 2, ECF 30. This Court agrees with Defendants.

ORS 65.167 provides specific procedures that public benefit or mutual benefit corporations must follow in terminating, expelling, or suspending members. ORS 65.167(1). This statute provides a one-year statute of limitations for bringing a claim challenging a dismissal from such an organization: "Any proceeding challenging an expulsion, suspension or termination, including a proceeding in which defective notice is alleged, must be commenced within one year after the effective date of the expulsion, suspension or termination." ORS 65.167(4). By contrast, the statute of limitations for breach of contract and tort actions in Oregon is six and two years respectively. ORS 12.080; ORS 12.110. However, ORS 12.010 provides that "[a]ctions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute*." (emphasis added).

Relying on *Wiederhorn v. Multnomah Athletic Club,* 215 Or. App. 392 (2007), Defendants contend that the shorter statute of limitations in ORS 65.167 is applicable to this case. In *Wiederhorn*, the Court of Appeals addressed the very issue presented here: which statute of limitations applies to tort and contract claims challenging the expulsion of a member from an organization governed by ORS Chapter 65. *Id.* a 394. There, the plaintiff—a member of the

defendant Multnomah Athletic Club—appealed the dismissal of his complaint pursuant to ORS 65.167 and argued that the longer six-year statute of limitations for contract claims and two-year statute for tort claims applied to his case. *Id.* In interpreting the scope ORS 65.167, the Court of Appeals found that "'any proceeding challenging an expulsion' means 'every and all civil, criminal, administrative and investigatory actions questioning and disputing an expulsion.'" *Id.* at 397. The Court further noted that the personal injury and tort statutes of limitation described in Chapter 12 did not apply "'*where a different limitation is prescribed by statute*.'" *Id.* at 399 (citing ORS 12.010) (emphasis in original). Because ORS 65.167 "unambiguously" prescribed a different one-year statute of limitations for all claims questioning and disputing an expulsion, the shorter statute of limitations applied to the plaintiff's claims challenging his expulsion from the Multnomah Athletic Club. *Id.* at 399–400. Accordingly, the plaintiff's claims were time-barred. *Id.*

Here, like the plaintiff in *Wiederhorn*, it is clear from the face of the Amended Complaint that Plaintiff's breach of contract claim is barred by the one-year statute of limitations under ORS 65.167. Plaintiff's breach of contract claim arises out of his expulsion from Portland Saturday Market, "a mutual benefit with member[s] non-profit organization," and therefore falls within the purview of the statute. *See* Anderson Decl. ¶ 5, Ex. 2 (Oregon Secretary of State Business Entity Data). Specifically, Plaintiff contends that his dismissal "represents a breach of contract that he signed in the form of a 2015 Space Permit Card . . . ." Am. Compl. 4; *see also id.* at 9 ("The breach of contract represented by the termination in violation of PSM Policy . . ."). Plaintiff's expulsion occurred on October 13, 2015, which is more than a year before the original filing date of this action. Accordingly, Plaintiff's breach of contract claim is dismissed.

Similarly, Plaintiff's constitutional claims are barred by the one-year statute of limitations found in ORS 65.167. Plaintiff's constitutional claims would generally be subject to the two-year statute of limitations for personal injury claims found in ORS 12.110(1). *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (Under 42 U.S.C. § 1983, the Court applies the forum state's personal injury statute of limitations to civil rights claims.); *see also Smith v. Phalen*, No. CIV 07-2892-CL, 2008 WL 842377, at *1 (D. Or. Mar. 28, 2008) ("In Oregon, the two year statute of limitations for personal injury actions, ORS 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983."); *see also Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir. 1986) (noting that the two-year statute of limitations found in ORS 12.110(1) applies). However, as described in *Wiederhorn* above, the more specific statute of limitations in ORS 65.167 applies to claims challenging an expulsion that might otherwise be subject to Oregon's personal injury statute of limitations. 215 Or. App. at 397 (ORS 65.167 governs "every and all civil, criminal, administrative and investigatory actions questioning and disputing an expulsion."). Here, like his breach of contract claim, Plaintiff's constitutional claims arise out of his dismissal from the Market, which occurred over one year before the filing of his original complaint. He alleges that his dismissal violated his due process rights, Am. Compl. 4, and describes the disciplinary process leading to his dismissal as "discriminatory" and "unfair," Am. Comp. 4–5. Accordingly, these claims are also dismissed.

Generally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing him an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, because it is undisputed that Plaintiff's expulsion occurred more than one year prior to the date of filing of the original complaint, any amendment to the Amended Complaint would be futile. The Court therefore declines to grant

Plaintiff leave to amend. *See Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (leave to amend need not be granted where claims are barred by the statute of limitations); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal of a pro se complaint without leave is proper where the deficiencies cannot be cured by amendment).

## CONCLUSION

Defendant's Motion to Dismiss [26] is granted. This case is dismissed because it is barred by the statute of limitations.

IT IS SO ORDERED.

Dated this \_\_11\_\_ day of June, 2018

_____
MARCO A. HERNÁNDEZ
United States District Judge